No. 2170.—MICHAEL AYLAND v. MRS. CATHARINE RICE.

A painter who undertook to have the work of painting a house done, purely as an act of friendship, without any charge on his part, and, when it is completed, furnishes the owner with a memorandum of the cost of materials furnished and labor employed by him, can not afterward, on the mere refusal of the owner to pay the bill, recover more than the amount so charged in the bill. In this case it was held that the refusal by the owner to pay the bill, first made out by the painter, did not create an agreement or obli-gation to pay additional charges for his own services and supervision of the work which he had undertaken gratuitously.

APPEAL from the Fourth District Court, parish of Orleans. *Theard*, J. *Field & Shackelford*, for plaintiff and appellee. *Randolph, Single-ton & Browne*, for defendant and appellant.

This case was tried by a jury in the court below.

HOWE, J. This case comes before this court for the second time. 20 An. 65. The present appeal is taken from a judgment entered upon a verdict of a jury in favor of plaintiff for the sum of $800.

- The facts seem to be substantially as stated in the brief of plaintiff's counsel, and as follows:

The defendant, desiring to have one of her houses painted, applied to plaintiff, who, "purely as an act of friendship, undertook to have the work done." When it was finished, he handed defendant a memo-randum of the money he had paid for material and labor, amounting to $1039, not as his charge for the work, but simply to show her what the painting had cost him, without including his own services, "for which, at that time, he did not intend to charge." The amount seemed to defendant too large, and a quarrel ensued. The plaintiff then made out a bill for the work, "including in it compensation for his own labor and supervision at the customary prices," amounting to $1350, upon which the suit was brought. He had received $550 during the

progress of the work, and it was for the balance of $800 claimed that the verdict was rendered.

It seems to us that the verdict was too large by $320. The undertaking of plaintiff was purely gratuitous. There was no *aggregatio mentium* between the parties, by which a contract to pay him anything for his own services and supervision was established. If, as he alleges, when he presented the first memorandum of $1030, "the defendant became angry, and insultingly threw the memorandum back in his face," her conduct did not create an agreement to pay $320 more.

It is not necessary to pass upon the bills of exception reserved by defendant to the refusal of the judge to charge the jury as requested. No testimony was excluded, and the whole case is before us on its merits. Mahony *v.* Rugely, 21 An. 330; Howell *v.* St. Charles street Railroad Company, 22 An. 603.

It is therefore ordered that the judgment appealed from be amended by reducing the amount thereof to four hundred and eighty dollars; that as thus amended it be affirmed, and that plaintiff pay the costs of appeal.